IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 19 CR 924 |
| **GLEEN BOWDEN and MARLON JUDE,** | Judge Harry D. Leinenweber |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Less than a year into their 110-month prison sentences for violent armed robberies, Defendants and co-conspirators Glen Bowden and Marlon Jude moved for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Dkt. Nos. 154, 167, 183, 184, 186). As explained below, the Court must deny Defendants' Petitions for compassionate release. Any ruling otherwise would be an abuse of this Court's discretion.

### I. LEGAL STANDARD

Section 3582(c)(1)(A) provides that:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —
    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the

>community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Petitioners seeking compassionate release bear the burden of establishing extraordinary and compelling circumstances justifying their release under U.S.C. § 3582(c)(1)(A). *United States v. Barbee,* 25 F.4th 531, 532 (7th Cir. 2022). While the Sentencing Commission's § 1B1.13 Guidelines are not directly applicable, the "extraordinary and compelling" considerations articulated in those Guidelines covering age (65+), illnesses like dementia or "metastatic solid-tumor cancer," and family circumstances remain instructive. U.S.S.G. § 1B1.13; *United States v. Thacker,* 4 F.4th 569, 573 (7th Cir. 2021); *United States v. Gunn,* 980 F.3d 1178, 1179 (7th Cir. 2020). But because the Guidelines are not binding, district courts have broad discretion to determine what constitutes "extraordinary and compelling reasons" warranting a sentence reduction. *Thacker,* 4 F.4th at 573. However, broad discretion is not unlimited discretion, and "a judge who strikes off" from the Guidelines "risks an appellate holding that judicial discretion has been abused." *Gunn,* 980 F.3d at 1180.

As covered below, Defendants' medical records and the governing case law require the Court to deny their Petitions for compassionate release.

## II.  ANALYSIS

Both Defendants argue that they are at a heightened risk for COVID-19 in confinement, compelling their compassionate release. The Seventh Circuit has repeatedly ruled that an elevated, generalized risk of COVID-19 is not independently an "extraordinary or compelling" reason under U.S.C. § 3582(c)(1)(A) justifying early release. *Barbee,* 25 F.4th at 533 (affirming district court's denial of inmates' compassionate release petition in part because "effective vaccines are available, and counsel informed this court at oral argument that [the inmate] had received two doses of the Moderna vaccine."); *United States v. Ugbah,* 4 F.4th 595, 597 (7th Cir.

2021) (same); *United States v. Broadfield,* 2021 WL 3076863, at *1 (7th Cir. July 21, 2021) (same, reasoning that "[w]hen Broadfield filed his application for compassionate release, and when the district judge denied it, COVID-19 was a grave problem in America's prisons, where people cannot engage in social distancing. Today, however, effective vaccines are available.").

In light of this cabined judicial discretion surrounding COVID-19, Defendant Glen Bowden ("Bowden") points to his asthma and a treated abdominal hernia as independently "extraordinary" reasons justifying his release. (Dkt. No. 154). Defendant Marlon Jude ("Jude") claims to suffer from a wider variety of independent medical ailments, including sickle cell disease, hypertension, cardiovascular disease, obesity, chronic nerve pain, neurological and mental health conditions (Dkt. No. 167).

A review of the record clearly illustrates that neither of their conditions are extraordinary or compelling. Instead, Defendants' submitted records indicate that they are "normal," or ordinary. (Dkt. Nos. 154, 167). Jude claims he suffers from sickle cell disease, but his medical records indicate otherwise. Jude's physical exam from April 2021 revealed "no physical evidence of infection," and Jude indicated himself that he never experienced a sickle cell "crisis." (*Id.*) A blood report from February 2022 showed that Jude's veins had "normal compressibility and flow." (*Id.*) And even were Jude to suffer from sickle cell disease, the BOP has demonstrated that they are more than capable of tending to Jude's current medical conditions; when Jude was diagnosed with cellulitis, he was swiftly cared for, receiving his diagnosis and treatment all within three days, beginning February 22, 2022, and concluding on February 24 (*Id.*). The only treatment Jude appears to require currently is a twice-daily low-dosage pill to reduce his risk for strokes and blood clots.

Jude's and Bowden's claims of obesity, asthma, and hypertension fall fatally short of "extraordinary and compelling." In every case reviewed by the Court, petitioners that were

granted compassionate release had an extreme health condition that the federal Bureau of Prisoners ("BOP") was unable to adequately address, or some other plainly extraordinary circumstance that is not present here. Compare *Barbee* and *Broadfield,* for instance, where the Seventh Circuit affirmed the district courts' denials for compassionate release. In both cases, the petitioners pointed to general medical conditions such as Type II diabetes, hypertension, obesity, allergies, or asthma. *Barbee,* 25 F.4th at 531; *Broadfield,* 2021 WL 3076863, at *1. And in both cases, the Seventh Circuit affirmed that these conditions are ordinary and lack a compelling reason justifying release.

On the other hand, in *United States v. Malone,* the Seventh Circuit reversed and remanded the trial judge's denial for sentence reduction where — in addition to hypertension, a hernia, and "morbid obesity" — petitioner Malone suffered from colon rectal cancer. 57 F.4th 167, 170 (4th Cir. 2023). Even though Malone's cancer was in remission, he suffered from other extreme conditions that justified his release, primarily because he lived with a colostomy bag permanently "affixed" to his body due to surgery sewing his rectum shut. *Id.* Complications with Malone's colostomy bag resulted in him undergoing 5 surgeries to remove and reinstall the bag, causing new holes and rashes in and on his body, as well as bleeding. *Id.* On at least one occasion, the bag exploded. *Id.* Making matters even more extraordinary, Malone's bag smelled, making him a "pariah" among the facilities. *Id.* Similarly, in *United States v. English* — in addition to hypertension — petitioner had tumors "throughout" his body and behind his eye. 2022 WL 17853361, at *1 (E.D. Mich. Dec. 22, 2022). Negligence on behalf of the BOP revealed "an unacceptable pattern of mismanagement" of the petitioner's condition, a condition which required consistent monitoring "to avoid serious consequences, including blindness, stroke" and paralysis. *Id.,* at *6-*8.

In both cases, the petitioners' hypertension, asthma, or obesity were secondary considerations (if considered at all) to other extreme, life-consuming — or "extraordinary" — health conditions which ultimately justified their release. Defendants Bowden and Jude have not articulated any reason remotely as compelling as a tumor-ridden body or living with their digestive systems affixed externally.

The one case Defendants highlight where hypertension was a sufficiently compelling reason for sentence reduction on its own, *United States v. Colvin,* is both non-binding and from April 2, 2020 – weeks after COVID-19's onset when the disease was still "new." 451 F.Supp. 3d 237, 238 (D. Conn. 2020). Less than a year later, the Seventh Circuit reasoned in *United States v. Ugbah* that it "would have been an abuse of discretion for a judge to rule in" favor of the petitioner when affirming the district court's denial for compassionate release in October 2020, amid a COVID-19 "scourge" in prisons, where social distancing was "impossible." 4 F.4th at 597. Then and now, Defendants in this Circuit like Bowden and Jude "who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release." *Id.*

Though the Court need not consider the Sentencing Factors set out in 18 U.S.C. § 3553(a) because Defendants failed to present an "extraordinary and compelling" reason, Defendants' Motions also fail to comport with the factors. Most pivotally, the Court is not convinced that Defendants are no longer dangers to the safety of the community, an element every successful petitioner met in each compassionate release case the Court reviewed. The *English* petitioner, for instance, served over 50% of his decades-long sentence with only one incident, purportedly due to his poor health. 2022 WL 17853361, at *8. Similarly, in *United States v. Londono,* the petitioner served 17 years and had zero infractions in his most recently served 11 years of confinement. 2022 WL 17905065, at *2 (S.D.N.Y. Dec. 23, 2022). And in *United States v. Rogers,* the petitioner served 110 months of his 224-month sentence for drug distribution. 2023 WL 121224, at *3 (D.

Mont. Jan. 6, 2023). The *Rogers* victim's family also wrote an emphatic letter in support of the petitioner's release. *Id.* Even the *Malone* petitioner, with his tumorous body, did not file his first motion for compassionate release until after he served eleven years in prison. 57 F.4th at 175.

With substantial time served, most petitioners granted compassionate release obtained educations, worked jobs, or positively contributed to the community both within and outside their respective correctional facilities. *Londono,* 2022 WL 17905065, at *2 ("the defendant has incurred no infractions and has taken numerous courses at his various facilities and been employed at various productive jobs."); *Rogers,* 2023 WL 121224, at *2 ("Rogers also cites in support of his motion his lack of a significant disciplinary record in prison and his completion of extensive educational and treatment programming while incarcerated."). Critically for Defendants here, petitioners that successfully relied on extraordinary medical conditions suffered severe conditions that rendered any propensity for criminal activity much less likely. *See, e.g., Malone,* 57 F.4th at 176-77 ("Malone's severely degenerated health and advanced age provide strong grounds for reweighing the relevant sentencing factors. . .. Malone's 'new' extraordinary and compelling circumstances inhibit him from being a danger to the community.); *English,* 2022 WL 17853361, at *8 ("But given English's serious health challenges, the Court's concern that English will become re-engaged in criminal activity is substantially reduced.").

Meanwhile, Defendants Bowden and Jude moved for compassionate release after serving just six and nine months, respectively, of their 110-month sentences based on their guilty pleas to violent armed robberies. These robberies illustrate an extraordinary propensity for violence. To summarize, between November 2018 and September 2019, Defendants committed seven violent armed robberies of cell phone stores in the Chicago area. As the Court saw at sentencing, the surveillance images show that in each robbery the Defendants entered the store posing as customers, pulled out a handgun, and forced the victim or victims — eleven in total — into isolated

and windowless backroom. In several of those instances, a lone female employee was working with no customers present. In all but one of the robberies, Defendants forced their victims down on the floor. In three of those robberies, Defendants tied their victims' hands behind their backs or their feet together, or both, with zip ties, shoelaces, or cables. In each robbery, Defendants held their victims at gunpoint while they collected merchandise or cash before making their getaway.

The severity of Defendants' crimes and the brevity of their confinement provides the Court with little reason to take Defendants' assertions of remorse and rehabilitation at face value. The Court's concern about the Defendants' danger is only heightened by the apparent misrepresentations the Defendants have made concerning the severity of their medical conditions. As a result, Defendants extraordinarily premeditated, violent, and gendered crimes require significantly more compelling reasons than high blood pressure, treated hernias, or asthma to justify the Court's compassion.

Defendants' Petitions are DENIED.

### III.  CONCLUSION

For the reasons stated herein, the Court DENIES Defendants' Petitions for Compassionate Release (Dkt. Nos. 154, 167, 183, 184, 186). Because the Court considered all the Defendants' submissions, Defendant Marlon Jude's Motion for extended time is DENIED as moot (Dkt. No. 187).

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: 4/1/2024