**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

v.

GLENN BOWDEN,

Defendant.

No. 19 CR 924

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Defendant Glenn Bowden moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). R. 222. For the following reasons, that motion is denied.

### Background

Between May and August 2019, Bowden committed three violent armed robberies of cell phone stores in the Chicago area. R. 226 at 2. After his arrest and while incarcerated, Bowden authored and mailed to the court multiple letters falsely exculpating himself and inculpating one of the victims. *Id.* at 4. On the morning Bowden's trial was set to begin, he entered a blind guilty plea to the indictment. *Id.*; R. 115–116. On July 4, 2022, Judge Leinenweber imposed a sentence of 110 months' imprisonment, which was at the low end of the advisory Guidelines range. R. 140.

After being sentenced, Bowden committed further crimes by sending more letters—two threatening the probation officer on the case and the other to the court pretending to be a prison chaplain stating Bowden was a "changed man"—and by lying to the FBI. R. 226 at 4–7; *see also United States v. Bowden*, 24 CR 143 (N.D.

1

Ill.). After he pled guilty, Judge Pacold sentenced him to an additional 87 months in prison, to be served consecutively to the 110-month sentence. R. 226 at 7.

Bowden filed a motion for compassionate release in this case, claiming he faced increased risk from Covid-19 due to asthma and other medical conditions. R. 154; *see also* R. 183, 184, 186 (supplemental filings by defendant). Judge Leinenweber denied the motion, noting that compassionate release "would be an abuse of this Court's discretion" given Bowden's ordinary health and the severity of his crimes. R. 192. Bowden again moves for compassionate release on substantially the same grounds— medical conditions that he argues warrant compassionate release. *See* R. 222.

## Legal Standard

The court may consider a modification to an imposed term of imprisonment on a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In determining whether a sentence reduction is appropriate, courts must first identify whether an "extraordinary and compelling" reason warrants a reduction and then whether a reduction is consistent with factors set forth in in 18 U.S.C. § 3553(a). *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). Bowden "bears the burden of establishing extraordinary and compelling circumstances." *United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022) (citing *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021)).

## Discussion

There is no dispute that Bowden exhausted his administrative remedies. *See* R. 266 at 14. The issue here is whether Bowden has established extraordinary and compelling reasons for a sentence reduction. *See* 18 U.S.C. § 3852(c)(1)(A). He has not.

Bowden argues that multiple alleged medical issues make him eligible for a sentence reduction: asthma, high blood pressure, high cholesterol, diabetes, bullet "projects"[1] in his vertebrae, an enlarged heart, a hernia, COPD, knee swelling, abdominal pain, a right testicular mass, a past injury to his little finger on his left hand, and the COVID vaccine. *See* R. 222; R. 229 at 3. For a medical condition to qualify as an "extraordinary and compelling" basis for relief, the defendant must be: suffering from a terminal illness; suffering from a serious physical or cognitive medical condition that substantially diminishes his ability to provide selfcare while incarcerated and from which he is not expected to recover; suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which he is at risk of serious deterioration in health or death; or at least 65 years old and experiencing a serious deterioration in physical or mental health because of the aging process and has served the lesser of 10 years or 75 percent of his term of imprisonment. *See* U.S.S.G. § 1B1.13(b)(1).

Bowden's records indicate that he is a 64-year-old man who suffers from common conditions—asthma, high blood pressure, high cholesterol, and diabetes—

---

[1] The Court assumes Bowden means bullet "fragments."

that are being appropriately controlled with medication under the supervision of Bureau of Prisons medical personnel. *See* R. 226 Exs. A, C. Therefore, these conditions do not qualify as extraordinary and compelling bases for relief. *See United States v. Hernandez*, No. 05 CR 485, 2025 WL 2916991, at *3 (N.D. Ill. Oct. 14, 2025) (finding high blood pressure and high cholesterol do not qualify as an extraordinary and compelling basis for relief "as there is no suggestion that these conditions amount to a 'serious physical or medical condition' that 'substantially diminishes' [defendant's] ability to take care of himself, much less a terminal illness or a medical condition that requires long-term or specialized care that is not being provided" (quoting U.S.S.G. § 1B1.13(b)(1))); *United States v. Mendoza*, No. 17 CR 783, 2025 WL 1323705, at *2–3 (N.D. Ill. May 7, 2025) (finding that diabetes, high blood pressure, and high cholesterol do not constitute an extraordinary and compelling reason when medical records show the prison is treating those conditions); *United States v. Winn*, No. 22-2452, 2023 WL 2064156, at *1–2 (7th Cir. Feb. 17, 2023) (finding asthma, high blood pressure, and diabetes were not extraordinary and compelling reasons even in conjunction with risk of COVID-19); *United States v. Draus*, No. 20 CR 391, 2025 WL 1826097, at *2 (N.D. Ill. July 2, 2025) (finding high blood pressure does not amount to an extraordinary and compelling reason).

Bowden does not provide any support for his claim of bullet fragments in his vertebrae or an enlarged heart; therefore, these allegations do not support compassionate release.

4

Bowden provides medical records from 2018 that show a hernia, COPD, knee swelling, and abdominal pain that were treated at that time, R. 222 at 21–23, and his medical records from 2025 do not support that any of these issues remain. *See* R. 226 Ex. C. A small mass in his right testicle is also listed in his 2018 medical records. R. 222 at 24. It is unclear whether the testicular mass has been treated since 2018, but regardless, Bowden has not shown that the mass causes him any pain or health complications. *Id.* Therefore, none of these issues are presently "extraordinary and compelling."

Bowden's past injury to his left little finger similarly does not qualify as an "extraordinary or compelling" medical condition. The injury is described as a chronic "contracture" resulting from a "fracture in the remote past" that "[o]ccurred while playing softball and after fall in the shower." R. 222 at 17. Bowden is "having no pain" and "[h]is main complaint is inability to fully extend [the finger]." *Id.* Bowden provides no basis to support that this is a "serious" or "terminal" medical condition that he is not receiving care for. Indeed, Bowden has been receiving medical care while incarcerated, including surgery and physical therapy. *See* R. 226 Ex. C. His prior injury is thus not an "extraordinary and compelling" basis for relief.

Bowden also contends that he is medically at risk due to receiving the COVID vaccine, despite previously having argued that he should be released due to the risk of COVID-19. *See* R. 222 at 18–20; *see also* R. 154. Bowden does not explain how receiving the vaccine makes him eligible for relief nor any symptoms or issues he is having as a result of the vaccine. *See* R. 222. He merely attaches an "article" from an

5

unknown source referring to the vaccine as "genocide" that could lead to multiple side-effects (none of which he purports to have). *Id.* There is no basis to find that the COVID vaccine has caused him any issues such that it is an "extraordinary and compelling" reason to reduce his sentence.

In his reply brief, Bowden also reraises prior accusations that he was persuaded to plead guilty and that Judge Pacold and the prosecutors were biased against him. These claims are unsupported and nonetheless are not a proper basis for compassionate release. Moreover, they were already addressed by Judge Pacold. *See* R. 226 at 7.

Because Bowden has failed to make the necessary showing establishing his eligibility for a sentence reduction, the Court need not address the relevant § 3553(a) factors. *See Thacker*, 4 F.4th at 576 (explaining that consideration of the § 3553(a) factors is required only "upon a finding that the prisoner has supplied such [an extraordinary and compelling] reason"). However, even if Bowden had established extraordinary and compelling reasons warranting consideration of early release, such relief would be inappropriate under the sentencing factors as already determined by Judge Leinenweber. *See* R. 192; *see also United States v. Ellis*, No. 15 CR 10060, 2025 WL 1399986, at *7 (C.D. Ill. May 14, 2025) (noting court's denial of previous motion for compassionate release and presumption against revisiting previously decided issues, particularly given lack of limitation on filing successive compassionate release motions: "Nothing has changed to alter the court's previous conclusion on this question.").

6

Most defendants seeking compassionate release have a near spotless record while incarcerated. The Defendant has done the exact opposite.

## Conclusion

For the foregoing reasons, the Court denies Defendant's motion for compassionate release.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: May 11, 2026

7